IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANTHONY CAMPBELL**     **PLAINTIFF**

**V.**     **NO: 3:20CV90-M-RP**

**ALLSTATE INSURANCE COMPANY
AND JOHN DOES 1-10**     **DEFENDANTS**

**ORDER**

On November 8, 2021, an order to show cause [56] was entered by the Court *sua sponte* to determine whether subject matter jurisdiction still exists in this case. The parties were ordered to show cause as to why this case should not be remanded to the Circuit Court of Calhoun County, Mississippi, due to the suspected lack of subject-matter jurisdiction.

The Defendant, Allstate Insurance Company, responded to the order to show cause first stating that since the plaintiff's claims for extra-contractual liability (or "bad faith") have been dismissed, the maximum recovery possible by the plaintiff is now limited to $50,000, which does not satisfy the amount in controversy requirement of subject matter jurisdiction, as the amount in controversy must exceed $75,000. [57, 59] Plaintiff, in his responding argument, cites multiple cases arguing that an insurer who is not liable for punitive damages may nonetheless be liable for extra-contractual damages, where their decision to delay deny the insured's claim is without a reasonably arguable basis. [58]

Extra-contractual damages may be appropriate where the insurer lacks an arguable basis for delaying or denying a claim, but the conduct was not sufficiently egregious to justify the imposition of punitive damages. *Essinger v. Liberty Mutual Fire Ins. Co*., 529 F.3d 264, 274 (5th Cir. 2008). In this case, the Court reiterates its previous findings that Allstate had an arguable or legitimate basis for delaying or denying the claim, as the Court stated in its Order on Motion for

Partial Summary Judgment, "Allstate … provided a reasonable basis for its determination of payment to Campbell." [40] While the Court did not use the language "arguable," usage of the word "reasonable" provides the same findings that Allstate had an arguable, reasonable, or legitimate basis for its determination of Campbell's claim. This finding would foreclose recovery of extra-contractual damages.

Further, defendant's Motion for Partial Summary Judgment [27] was specifically filed to dismiss the "extra contractual liability (or 'bad faith') claims made by the plaintiff. The Court's Order on Motion for Partial Summary Judgment [40] acknowledges that the partial summary judgment motion brought by the defendant was to address plaintiff's extra-contractual or bad faith claims. Also, the Court notes in its previous order that the matter to be evaluated by the jury is whether Campbell's already received payments are sufficient to cover his alleged damages or whether Campbell is entitled to all or part of the remaining $50,000 of his UIM coverage limits. [40] (emphasis added).

**ACCORDINGLY**, it is therefore **ORDERED** that this case is **REMANDED** to the Circuit Court of Calhoun County, Mississippi. As this case is being remanded, the pending motions in limine [45, 46, 47] are **DISMISSED** as **MOOT** without prejudice.

**SO ORDERED**, this 16th day of November, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**